# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ROBERT M. LEE, ) | |
| ) | Civil Action Number: |
| ) | |
| Plaintiff, ) | FLSA Action |
| ) | Jury Trial Demanded |
| v. ) | |
| ) | |
| AGCO, INC., a Georgia Corporation and ) | |
| LARRY PULLIAM and GARY ) | |
| STEVENS, Individuals, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Robert M. Lee ("Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendants AGCO, Inc. (Hereinafter "AGCO") and Larry Pulliam (Hereinafter "Pulliam") and Gary Stevens (Hereinafter "Stevens") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendant AGCO, Defendant Pulliam, and Defendant Stevens's (Collectively "Defendants") violations of Plaintiff's rights under the FLSA, 29 U.S.C. §§ 201, et seq., as amended and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime

provisions of the FLSA by Defendants which have deprived Plaintiff of his lawful overtime wages.

2. This action is brought to recover unpaid overtime compensation owed to Plaintiff, pursuant to the FLSA.

3. Plaintiff was employed by Defendants and, who during the time relevant to this action, primarily worked as an installer and most recently as a measurer based from Defendants' location at 2782 Simpson Circle, Norcross, Georgia 30071 (hereinafter "Defendants' Norcross Location").

4. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for all hours worked in excess of 40 hours in a given workweek.

5. During the employment of Plaintiff, and for at least three years prior to the filing of this Complaint, Defendants committed widespread violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given work week

6. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

8. Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

9. Plaintiff Robert M. Lee ("Plaintiff") resides in Buford, Gwinnett County, Georgia (within this District). Upon information and belief, Plaintiff was employed by Defendants to work installing cultured marble, solid surface kitchen and bathroom surfaces from on or about 2002 thru on or about 2006; and from on or about 2007 thru on or about February 8, 2015. From on or about April, 2015 thru on or about February 8, 2015 Plaintiff 's duties consisted mainly of taking the measurements for the installation of the Defendants' products.

10. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e) (1) of the FLSA, and worked for Defendants within the territory of the United States, including at times in the states of

Tennessee, Alabama and South Carolina.  Plaintiff is further covered by §§ 203, and 207 of the FLSA for the period in which he was employed by Defendants.

11.   During the time relevant to this action, Plaintiff was an employee of Defendants and who in an various workweeks was engaged in commerce or in the production of goods for commerce

12.   Defendant AGCO is a corporation formed under the laws of the State of Georgia and manufactures kitchen, and bathroom accessories and surfaces at Defendants' Norcross Location.

13.   Upon information and belief, Defendant Pulliam is an owner and executive officer of Defendant AGCO.

14.   Upon information and belief, Defendant Stevens is the Plant Manager Defendants' Norcross Location.

15.   Defendants conduct business within this State and District.

16.   Defendants maintained either actual or constructive control, oversight and direction of Defendants' Norcross Location, including the employment and pay and other practices of that operation.

17.   Defendant AGCO is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Richard A. Carothers, at 1809 Buford Highway, Buford, Georgia 30518.

18. Defendant Pulliam is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at Defendants' Norcross Location.

19. Defendant Stevens is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at Defendants' Norcross Location.

20. At all times material to this action, Defendant AGCON was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

21. At all times material to this action, Defendant AGCO was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

22. Upon information and belief, at all times material to this action, Defendant Pulliam was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

23. Upon information and belief, at all times material to this action, Defendant Stevens was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

24. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

25. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

26. At most times relevant to this action, Plaintiff's primary duty was to install cultured marble, solid surface kitchen and bathroom surfaces and taking the measurements for the installation of the Defendants' products.

27. At all times relevant to this action, Plaintiff's primary duty was not the management of the enterprise in which he was employed, nor of a customarily recognized department or subdivision thereof.

28. At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

29. At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities he performed.

30. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

31. At all times relevant to this action, Plaintiff was at times required to work in excess of forty (40) hours a week.

32. At all times relevant to this action, Defendants did not compensate Plaintiff for <u>all</u> time worked in excess of forty (40) hours per week at a rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

33. The records, if any, concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to Plaintiff should be in the possession of Defendants.

34. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. § 207 or § 213 with respect to Plaintiff.

35. Defendants failed to meet the requirements for paying Plaintiff at a rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

36. Defendants are liable to Plaintiff for compensation for any and <u>all</u> time worked in excess of 40 hours per week at the rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

37. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

38. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), and O.C.G.A. 13-6-11, Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

40. Plaintiff demands a jury trial.

## COUNT I

41. Plaintiff repeats and incorporates by reference paragraphs 1-40 herein.

42. By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

43. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay Plaintiff's overtime compensation in an amount at a rate not less than one and one-half times the regular rate at which he was employed.

44. As a result of Defendants' violations of the FLSA, Plaintiff, has suffered damages by failing to receive an overtime rate not less than one and one-half times the regular rate at which he was employed.

45. Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff.

46. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation equal to not less than one and one-half times the regular rate at which he was employed in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this the day of March, 2015.

    MARTIN & MARTIN, LLP

    By: /s/ Thomas F. Martin
    Thomas F. Martin
    tfmartinlaw@msn.com
    Georgia Bar No. 482595
    Kimberly N. Martin
    kimberlymartinlaw@gmail.com
    Georgia Bar No. 473410
    MARTIN & MARTIN, LLP
    Post Office Box 1070
    Tucker, Georgia 30085-1070
    (770) 344-7267 / (770) 837–2678 Fax