## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by AGCO, Inc., a Georgia Corporation, Larry Pulliam and Gary Stevens, and its officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("AGCO") or ("Defendants"), and Robert M. Lee ("Lee") or ("Plaintiff"), regarding his claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") (the "claims").

This Agreement is made as a compromise between Plaintiff and Defendants (collectively, the "Parties") for the complete and final settlement of their claims, differences and causes of actions raised by Plaintiff.

## RECITALS

WHEREAS, Plaintiff filed suit against Defendants asserting his claims at issue in this Agreement in the case styled *Robert M. Lee v. AGCO, Inc., et al.*, Civil Action File No. 1:15-CV-0695-AT, U.S. District Court for the Northern District of Georgia (the "Litigation").

WHEREAS, Defendants deny Plaintiff's allegations regarding his claims.

WHEREAS, on August 3, 2015, the Parties arrived at an agreement to settle their claims.

WHEREAS, Defendants deny, and continue to deny, the allegations in the Litigation and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in Plaintiff's claims; nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of litigation, the Parties have agreed to settle Plaintiff's claims on the terms and conditions set forth in this Agreement.

WHEREAS, the Parties recognize the outcome in the Litigation would be uncertain and achieving a final result through litigation would require additional risk, discovery, time and expense.

WHEREAS, counsel have investigated and evaluated the facts and law relating to the claims asserted in Plaintiff's claims; after balancing the benefits of settlement with the costs, risks, and delay of litigation, Plaintiff and Plaintiff's counsel believe the settlement as provided in this Agreement is in the best interests of Plaintiff and represents a fair, reasonable, and adequate resolution of their claims.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

A.   **Consideration:** In order to resolve Plaintiff's FLSA claims, Defendants agree to pay a total of $22,500.00 (collectively the "Settlement Payment"):

    (i)    $12,500.00 to Lee as overtime wages and liquidated damages; and
    (ii)    $10,000.00 to Plaintiff's counsel for attorney's fees and costs related to Plaintiff.

**B.    Settlement Payment and Taxes:**

    1.    One-half of the settlement amount to Lee for overtime claims in Section (A)(i) (i.e., $6,250.00) shall be allocated to Lee for alleged unpaid overtime wages (the "W-2 payment"), and the remaining one-half of the settlement amount to Lee for overtime claims in Section (A)(i) (i.e., $6,250.00) shall be allocated to Lee for alleged unpaid liquidated damages, which shall be paid separately without any deduction for any taxes or other withholdings, in non-employment income reported on IRS Form 1099 (the "1099 payment").

    2.    The payment to Plaintiffs' counsel for attorneys' fees and costs pursuant to Section (A)(ii) shall be paid to "Martin & Martin, LLP" ("Plaintiff's Counsel") by separate check without any deduction for any taxes or other withholdings (the "1099 fee payment"). The 1099 fee payment shall be processed by 1099 issued to Plaintiff's Counsel using a W-9 for Martin & Martin, LLP, and reported on IRS Form 1099. The settlement amounts paid to Plaintiff's Counsel for fees and costs constitute payment of Plaintiff's attorneys' fees and costs on all claims under the FLSA and therefore are within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code.

    3.    The settlement amount of $12,500.00 to Lee, and the amount of $10,000.00 to Plaintiff's counsel will each be payable in two equal installments, the first of which will be due ten (10) days after the Court approves this settlement, with the remaining installment due thirty (30) days later. Upon each installment, Defendants will deliver to Plaintiff's counsel one (1) check payable to Plaintiff's counsel, one (1) check payable to Lee as the W-2 payment, and one (1) check payable to Lee as the 1099 payment, in the pro rata amounts owed under Sections B.1 and B.2.

    4.    Defendants shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Plaintiffs are not relying on any information provided by Defendants concerning the tax consequences of payments made under this Agreement. Plaintiffs agree to indemnify and hold Defendants harmless of and from any claims of Plaintiff or a third party, including governmental taxing authorities, for income taxes, FICA, or any other taxes of any kind relating to taxes owed by Plaintiff on the payments set forth in Section A. In the event one of the Defendants is required to pay taxes owed by or on behalf of Plaintiff (but not taxes owed by AGCO as employer's portion of taxes owed to any tax authority by or on behalf of Plaintiff) arising from the payments specified in Section A, or related interest, penalties or fines, Plaintiff shall immediately reimburse such Defendant the full amount of such payment or they shall offset that amount against amounts owed to Plaintiff, but not both. Nothing herein shall operate as a release of AGCO's obligation for the employer's share of FICA and Medicare for the payment in Section A.

    5.    Payment by the dates specified in Subsection 3 above shall be made by delivery of payment to Plaintiff's counsel's office by the date(s) provided in this Agreement.

**C.     Mutual Releases:** In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff hereby **RELEASES, REMISES, AND FOREVER DISCHARGES** Defendants and their former and current trustees, officers, administrators, agents, subsidiaries, affiliates, attorneys, employees, personally and in their respective capacities, and any other person or entity representing or succeeding to any such person or entity, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to him/her which he/she may now have against them, either individually, jointly, or severally, arising out of or otherwise related to their employment and separation from employment with AGCO, that existed whether known or unknown through the date of this Agreement, including, but not limited to, (1) all claims arising under the Fair Labor Standards Act, the Age Discrimination in Employment Act, the Family and Medical Leave Act, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, the Americans with Disabilities Act, the Employee Retirement Income Security Act, or any other claim under federal law and any claim under state law, whether statutory, in contract, or in tort; (2) all claims that were raised in any manner, whether in writing or orally, by Plaintiff in the Litigation; (3) any claim of any nature whatsoever that has been asserted or could be asserted by Plaintiff against Defendants regardless of whether it is related to the Litigation (all of the foregoing, "Claims"). Defendants and their directors, officers, administrators, agents, subsidiaries, affiliates, and attorneys, hereby **RELEASE, REMISE, AND FOREVER DISCHARGE** Plaintiff from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them which they may now have against them, either individually, jointly, or severally, based upon acts or facts which have occurred from the beginning of time to the date of this Agreement, arising out of or related to their employment with AGCO, INC.

**D.     Court Approval:** Within ten (10) business days of the expiration of the revocation period for this Agreement as set forth in Paragraph U, the Parties will file with the Court on the publicly available docket a joint motion for approval of the terms of this Agreement, attaching this Agreement as an exhibit thereto. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Plaintiff's counsel is required to petition the Court for approval of the reasonableness and amount of its attorneys' fees and costs to be paid under this Agreement, Defendants do not oppose and agrees not to oppose the amount (or the reasonableness of the amount) of Plaintiff's attorneys' fees to be paid to Plaintiff's counsel out of the total Settlement Payment.

**E.     No Admission of Liability:** The Parties agree and acknowledge this Agreement is the result of a compromise and shall not be construed as an admission of liability, responsibility, or wrongdoing by Defendants. Defendants deny any liability, responsibility, or wrongdoing as alleged in the claims.

F.  **Severability of Provisions:** After approval by the Court, as addressed above, if any portion of this Agreement is held to be invalid by operation of law, the remaining terms of this Agreement shall not be affected and shall continue in full force and effect.

G.  **Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

H.  **Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

I.  **Extension of Time:** The Parties may mutually agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

J.  **Amendments/Modifications:** No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by all of the Parties.

K.  **Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

L.  **No Third-Party Beneficiaries:** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

M.  **References and Anti-Retaliation:** Defendants are aware of the anti-retaliation provisions of Section 215 of the Fair Labor Standards Act and agree to comply. Defendants agree to respond to any inquiries regarding Plaintiff by providing only a neutral reference stating Plaintiff's dates of employment, job title, and last rate of pay, and Defendants agree not to disclose the fact of Litigation or settlement of Plaintiff's claims in response to any inquiries and will not make any reference to eligibility or ineligibility for rehire.

N.  **No Rehire:** Lee agrees that, subsequent to his execution of this Agreement, he shall not be eligible by AGCO, or any of its subsidiaries, affiliates, parent companies, or other related entities, and shall not apply for any position with AGCO subsequent to the effective date of this Agreement.

O.  **Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein.

P.  **Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

**Q.     When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon the date of execution by the Parties. The date of execution shall be the effective date of the Agreement for the purposes of determining the end date of the releases contained herein. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**R.     Facsimile Signatures:** Execution by facsimile or signed .pdf delivered by email shall be deemed effective as if executed in original.

**S.     Corporate Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

**T.     Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

**U.     Time Limits:** Lee acknowledges and agrees that he shall be entitled to twenty-one (21) days to consider the terms and provisions of this Agreement prior to signing. Moreover, Lee acknowledges that this Agreement was forwarded to him for consideration on the _11_ day of _August_, 2015.

**V.     Revocation:** Lee acknowledges that he shall be entitled to revoke this Agreement at any time prior to the expiration of seven (7) days after he executes this Agreement, by providing written notice of such revocation to Thomas M. Mitchell, Esq., Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, GA 30518. Lee understands and agrees that the Settlement Payment will not be paid by the Defendants until after the expiration of this seven (7) day revocation period. **Revocation may be exercised by returning this Agreement to Thomas M. Mitchell, Esq., Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, GA 30518 with "Revoked" written thereon and signed by Lee.**

_[signature]_

ROBERT M. LEE

Date: _8-11-15_

AGCO, INC.

By: LARRY PULLIAM [CEO]

Date: _____

LARRY PULLIAM

The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**R.     Facsimile Signatures:** Execution by facsimile or signed .pdf delivered by email shall be deemed effective as if executed in original.

**S.     Corporate Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

**T.     Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

**U.     Time Limits:** Lee acknowledges and agrees that he shall be entitled to twenty-one (21) days to consider the terms and provisions of this Agreement prior to signing. Moreover, Lee acknowledges that this Agreement was forwarded to him for consideration on the _____ day of _____, 2015.

**V.     Revocation:** Lee acknowledges that he shall be entitled to revoke this Agreement at any time prior to the expiration of seven (7) days after he executes this Agreement, by providing written notice of such revocation to Thomas M. Mitchell, Esq., Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, GA 30518. Lee understands and agrees that the Settlement Payment will not be paid by the Defendants until after the expiration of this seven (7) day revocation period. **Revocation may be exercised by returning this Agreement to Thomas M. Mitchell, Esq., Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, GA 30518 with "Revoked" written thereon and signed by Lee.**

_____
ROBERT M. LEE

Date: _____

AGCO, INC.

By: LARRY PULLIAM [CEO]

Date: 8/21/15

_____
LARRY PULLIAM

_____
GARY STEVENS

REVIEWED AND APPROVED AS TO FORM BY COUNSEL

_____          _____
Kimberly N. Martin                                         Thomas M. Mitchell
Martin & Martin, LLP                                     Carothers & Mitchell, LLC
Counsel for Plaintiff                                       Counsel for Defendants

Date: _____          Date: ____8/21/15____

GARY STEVENS

REVIEWED AND APPROVED AS TO FORM BY COUNSEL:

_____     _____
Kimberly N. Martin    *Thomas F. Mitchell*    Thomas M. Mitchell
Martin & Martin, LLP                          Carothers & Mitchell, LLC
Counsel for Plaintiff                         Counsel for Defendants

Date: __8/20/15__                             Date: _____